[Civ. No. 15047.   First Dist., Div. Two.   Sept. 29, 1952.]

ORLENA BARTHORPE RAY, Appellant, v. ELAINE
TICHNER BARTHORPE et al., Respondents.

Coffey & Margolis and John R. Swendsen for Appellant.

Hoffman, Davis & Martin for Respondents.

NOURSE, P. J.—Plaintiff is the divorced wife of John S.
Barthorpe, deceased.   The defendant Elaine T. Barthorpe
is his widow.   In the year 1935, while plaintiff and her hus-
band were living together, the husband joined with two others
to form the Jamison Steel Corporation.   These three, with
the wives of each, executed a written agreement by which each
agreed to purchase one-third of the corporate stock to be paid
for within five years.   All dividends were to be applied to
the purchase of the stock which was placed in escrow sub-
ject to a voting trust.   The terms of this contract were fully

explained to plaintiff and she executed it with full knowledge of its terms.

The date of this contract was February 5, 1935. On September 15, 1935, the parties separated and on February 3, 1937, the deceased filed a complaint for divorce in which he alleged that there was no community property. The defendant answered and, at the ensuing trial, judgment went to the plaintiff therein. Findings were waived, hence we must assume an implied finding that the allegation in the complaint that there was "no community property" was true.

In December, 1937, the deceased acquired a sufficient bonus from his employment with the steel company to enable him to purchase his one-third of the stock and this was left as an asset of his estate when he died on September 21, 1943. The plaintiff remarried in June, 1938. She made no claim to a community interest in the stock until sometime in 1943 or 1944. She commenced this action on October 15, 1948.

On the evidence the trial court found that in the year 1936 appellant had full knowledge and notice of the interest in the steel stock held by her former husband, and that her action was therefore barred by section 338, subdivision 4, of the Code of Civil Procedure.

The only debatable question raised on the appeal is whether the evidence supports this finding. Appellant confidently asserts that it does not.

Appellant testified freely that she was fully aware of the terms of the stock purchase in 1935. She had this knowledge in 1937 when the divorce action was tried, in which she did not contest the allegation that there was no community property. She had such knowledge in August, 1936, when she wrote to counsel of her former husband as follows:

"I do not feel he is being fair. I believe I am entitled to some income from the business. If I am entitled to one-half of the community property, I am entitled to one-half of his interest and income from said business. You say he is (as I know) paying for his share out of the *profits* of the business. One-half of that is mine. Therefore I can see it only one way—I too, am paying for his third interest."

Similar statements appear in appellant's evidence, all of which support the finding that she had such knowledge long prior to the three-year period of the statute.

Judgment affirmed.

Dooling, J., and Jones, J. pro tem., concurred.